IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMMY K. KUYKENDALL,

      Plaintiff,

v.                                                        CV 13-877 MV/WPL

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

      Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on Kuykendall's motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. 30.) The Commissioner of the Social Security Administration ("Commissioner") responded (Doc. 31), and Kuykendall replied (Doc. 32). In her motion, Kuykendall's counsel seeks $15,718.00 for 83.7 hours of work at rates of $184.00 and $185.00 per hour, but is willing to reduce her claim by 25% to $11,788.00. (Doc. 30 at 1.) The Commissioner responds that the number of hours billed is excessive considering the nature of the briefing and Kuykendall's counsel's experience in Social Security disability cases. (Doc. 31 at 3-4.) Kuykendall replies that the Administrative Record in this case was particularly long and in disarray, thereby requiring the additional hours. (Doc. 32.) Having reviewed the briefing, the record, and the applicable law, I find that an award of fees is appropriate but that the amount of fees requested is unreasonable. Therefore, I grant in part and deny in part the motion, and award Kuykendall **$8,633.00** in attorney fees.

The EAJA provides for an award of attorney fees to a plaintiff when: 1) she is the prevailing party; 2) the position of the United States was not substantially justified; and 3) no

special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. The applicant bears the burden of establishing entitlement to an attorney-fee award, documenting the appropriate hours expended, and showing that the hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished) (citing *Jean*, 496 U.S. at 161). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Jean*, 496, U.S. at 161 (citing *Hensley*, 461 U.S. at 437).

The amounts requested by Kuykendall's counsel should be reduced. No award is appropriate for clerical work. *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and is not compensable under EAJA); *see Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA-fees petition to district court to determine which billings are "clerical rather than legal"); *Sorenson v. Concannon*, 161 F. Supp. 2d 1164, 1168-69 (D. Or. 2001) (reducing EAJA-fees request for work that was "purely clerical in nature"). Accordingly, the amount requested is reduced by $388.00 for 2.1 hours of clerical work. The amount requested is further reduced by $980.50 for 5.3 hours of duplicative billing, by $4,791.5 for 25.9 hours excessively billed for the underlying brief-in-chief, and $925.00 for 5 hours excessively billed for the reply. After these reductions, Kuykendall is awarded $8,633.00 in reasonable attorney fees.

Kuykendall's counsel claimed time for "[d]ownload[ing] issued summons," "[d]ownload[ing], organiz[ing] and review[ing] transcript," and "[n]oting Order setting briefing schedule," among other clerical tasks. (Doc. 30 Ex. 1.) Though not mentioned in the briefing, this is a tacit claim that downloading and organizing the transcript is part of her legal work. However, Kuykendall's counsel was previously admonished in *Romero v. Colvin*, No. 11-cv-994 JB/SMV, Doc. 43 at 4 (D.N.M. Mar. 20, 2014), that this kind of clerical work is not compensable under the EAJA. Accordingly, the time claimed on October 22, 2013 (download issued summons, prepare for service of process), and January 25, 2014 ("[d]ownload, organize and review transcript (29 parts)" and "[n]ote Order setting briefing schedule") are disallowed, for a total reduction of 2.1 hours and $388.00.

Kuykendall's counsel's affidavit includes three instances of what appears to be duplicative billing. (Doc. 30 Ex. 1 at 2-3.) As noted below, I find counsel's claimed hours to be excessive. However, counsel listed two entries for each of March 19, March 20, and May 28, 2014. (*Id.*) In each instance, the listed work done appears to be the same ("[b]rief research and writing" or "[r]eply research"), and the hours listed are either exactly the same or slightly lower (3.5 hours on both March 20, 2014 entries, 0.6 hour and 1 hour on March 19, 2014, and 0.8 hour and 1 hour on May 28, 2014).

Kuykendall seeks fees at hourly rates of $184.00 and $185.00. (Doc. 30 Ex. 1.) The Commissioner does not object to the requested hourly rate. (*See* Doc. 31.) Having presided over numerous appeals of disability cases, I find that the requested hourly rates are reasonable.

I next look to the number of hours expended on the case to determine if the fee request is reasonable. Here, Kuykendall's attorney requests payment for 83.7 hours of work. Of the 83.7 hours requested, 57.5 hours were for research and drafting Kuykendall's brief-in-chief and 14.95

hours for the Reply. (Doc. 30 Ex. 1.) I have already reduced the time awarded for Kuykendall's brief-in-chief by 4.5 hours and her reply by 0.8 hours for duplicative billing. This leaves the claimed time for the brief-in-chief at 53 hours and for the reply at 14.15 hours.

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Bronwlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically exercise "billing judgment," and do not bill clients for every hour expended in litigation. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quoting *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary, and Courts have a corresponding duty to exclude hours "not reasonably expended" from the calculation. *Id.* (quotation omitted)

Having presided over numerous disability appeal cases, I was surprised at the number of claimed hours—83.7—in this case. Kuykendall's counsel claims to have spent 57.5 hours on the brief-in-chief, when average awards for disability cases are between 30 and 40 hours. *See, e.g.*, *Griego v. Astrue*, No. 10-cv-974 WPL, Doc. 23 (D.N.M. Oct. 31, 2011) (claiming 30.8 hours of attorney fees).

The high number of claimed hours made me wonder what was so extraordinary about this case that it required more than double the usual amount of time. Kuykendall argues in her reply that the record was in disarray and that she had to brief many issues, which was a time-consuming process. (Doc. 32.) The Court received the same Administrative Record, replete with medical records out of chronological order. This is, frankly, the rule in disability cases: the

Social Security Administration does not organize the record for ease of use, but rather seems to submit it as the record was submitted to the Administrative Law Judge. Additionally, the issues in this case were no more complex than usual and contained no novel points of law. Kuykendall's case was remanded at step four, based largely on the Administrative Law Judge's failure to properly evaluate medical opinions. (*See* Doc. 27 at 17-19.) In my experience, this is one of the most common reasons why cases are remanded to the Social Security Administration. I do not understand how such common issues required 57.5 hours to research and write the brief-in-chief.

The Commissioner argues that the 57.5 hours and 14.95 hours that Kuykendall's counsel expended on researching and drafting the brief-in-chief and reply, respectively, were excessive (Doc. 31), and I agree. Therefore, I reduce the number of hours allowed for the brief-in-chief to 27.1 hours and the number of hours allowed for the reply to 9.15 hours.[1]

After the above reductions for clerical work, redundant hours, and excessive hours, the remaining balance of 46.7 hours of attorney work is reasonable. Kuykendall is awarded $8,633.00 for the 46.7 hours of reasonable work.

---

[1] The Commissioner requests that I reduce the hours for the brief-in-chief to 20 hours and for the reply to 10 hours. (Doc. 31 at 4). The Commissioner further suggests that I award Kuykendall fees for 42.25 hours of attorney work. (*Id.*) I have taken this suggestion into consideration.

Kuykendall's counsel claimed 7 hours at $184.00 an hour. I reduced this by 0.5 hours based on clerical work claimed on October 22, 2013, for downloading the issued summonses and preparing for service of process. (*See* Doc. 30 Ex.1 at 1.)

Kuykendall's counsel claimed 57.5 hours for the brief-in-chief. I reduced this by 4.5 hours for duplicative billing on March 19 and March 20, 2014. (*See* Doc. 30 Ex. 1 at 2-3.) I reduced it by an additional 28.9 hours for excessive billing, leaving the total awarded hours for the brief-in-chief at 24.1 hours. For the reply, Kuykendall's counsel claimed 14.95 hours. (*See* Doc. 30 Ex. 1 at 3.) I reduced this amount by 0.8 hours for duplicative billing on May 28, 2014. (*Id.*) I further reduced the award by 5 hours for excessive billing, leaving the total awarded hours for the reply at 9.15 hours.

In addition to the 6.5 hours of initial case preparation allowed at the $184.00 rate, I allow 24.1 hours for the brief-in-chief, 9.15 hours for the reply, and 3.95 hours for additional case work, including preparing the EAJA motion and declaration. This amounts to 43.7 total hours.

IT IS THEREFORE ORDERED THAT the motion is GRANTED IN PART AND DENIED IN PART, and Kuykendall is awarded $8,633.00 in attorney fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Kuykendall's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Kuykendall's counsel shall refund the smaller award to Kuykendall pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
William P. Lynch
United States Magistrate Judge
